NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
March, 1881.

## OVIEDO *v.* DUFFIE.

*In the matter of the application for probate of the will of* ALFRED N. DUFFIE, *deceased.*

A surrogate's court has no jurisdiction, under Code Civ. Pro., § 2476, of the probate of the will of one who, at the time of his death, was a resident of this State, unless it is also shown that he resided in the county in which that court is located.

APPLICATION for the probate of a foreign will, and to compel the production of a copy thereof, for that purpose.

The petition of Maria de la Salud Oviedo, younger, set forth that the decedent, U. S. consul at Cadiz, Spain,

died November 8, 1880, leaving a will, executed there, on file in the office of a notary, together with a codicil thereto ; that decedent was a citizen of the United States, and was at, or immediately previously to his death, an inhabitant of the State of New York, temporarily resident at Cadiz, leaving assets in the city and county of New York, and prayed the probate of said will, and that Mary Ann Pelton Duffie produce an authenticated or exemplified copy of such will for that purpose ; among other things stating that the original will in question, under the laws of Spain, must remain in the custody of the notary, but that such copy has by the laws of Spain the same effect as the original.

OLCOTT & MESTRE, *for petitioner.*

COUDERT BROS., *for M. A. P. Duffie.*

THE SURROGATE.—Other serious questions might arise in respect to the authority of this court to probate or establish any such instrument, but, as the petition does not show that this court has jurisdiction in the matter, it seems unnecessary to pass upon any other question. Section 2476 of the Code prescribes the jurisdiction of the Surrogate in the matter of probating wills, and the first subdivision thereof gives to the Surrogate authority to prove wills, grant letters testamentary, etc., where the decedent was at the time of his death *a resident of that county*, whether his death happened there or elsewhere ; and it is clear to my mind that, as decedent was a resident of this State, at the time of his death, in order to confer jurisdiction upon this court for the probate of his will, it must appear that he was a resident of *this county*, for the other subdivisions of that section relate to cases

where decedent was not a resident of the State. It seems to me clear that, if decedent, though a resident of this State, was a resident of another county therein, the Surrogate of that county has, under the section cited, exclusive jurisdiction.

I am therefore of the opinion that the petition should be dismissed, as not showing jurisdiction to entertain it in this court.

Ordered accordingly.